**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALONZO WILLIAMS<br>3222 Raymond Street<br>Reading, PA 19605 | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.: 25-4855 |
| | : | |
| BOSCOV'S DEPARTMENT STORE, LLC | : | |
| d/b/a BOSCOV'S | : | **JURY TRIAL DEMANDED** |
| 4500 Perkiomen Ave. | : | |
| Reading, PA 19606 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**FIRST AMENDED CIVIL ACTION COMPLAINT**

Plaintiff, Alonzo Williams (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.     Plaintiff has initiated this action to redress violations by Boscov's Department Store, LLC d/b/a Boscov's (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1]   Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

**JURISDICTION AND VENUE**

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.   There lies supplemental jurisdiction over Plaintiff's state-

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.    Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.    Plaintiff is an adult who resides at the above-captioned address.

8.    Boscov's Department Store, LLC d/b/a Boscov's is a family-owned department store with over fifty locations in Pennsylvania, New York, New Jersey, Delaware, Maryland, Ohio, Connecticut, West Virginia, and Rhode Island, with headquarters at the above-captioned address.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed by Defendant for approximately 4 months, from on or about August 12, 2024, until his unlawful termination (discussed further *infra*) on or about December 11, 2024.

12.     Plaintiff worked for Defendant as a truck driver, working primarily from Defendant's 5 Birchmont Drive, Reading, PA 19606 location.

13.     During his employment with Defendant, Plaintiff was primarily supervised by Fleet Manager, Mike Clay (hereinafter "Clay").

14.     Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

15.     However, in or about early December of 2024, Plaintiff began to suffer from pain, stiffness, and swelling in his left leg that was exacerbated by sitting for long periods of time truck driving, and was causing mobility issues, which (at times) interfered with some daily life activities, such as walking, climbing, and working (among other daily life activities).

16.     As a result, on or about December 5, 2024, Plaintiff went to Penn State Health – St. Joseph's Medical Center, where he was evaluated, had x-rays taken, was diagnosed with Osteoarthritis, and a metal foreign body was discovered in his left knee.

17.     Despite theses aforementioned health conditions and limitations, Plaintiff was able to perform his job duties well; however, he (at times) required some reasonable medical accommodations (set forth *infra*).

18.     For example, the emergency room doctor recommended that Plaintiff reach out to his primary physician, see a specialist, and stay out of work until on or about December 9, 2024 (a reasonable accommodation under the ADA).

19.     Plaintiff immediately provided Defendant's management with a copy of his doctor's note requiring that he be out of work until December 9, 2024.

20.     Plaintiff then returned to work on or about December 9, 2024, and informed Defendant's management, including but not limited to Clay, that he needed to take ***just two additional days*** off in the near future, December 16 and 17, 2024, to be evaluated by a specialist (another very reasonable accommodation under the ADA).

21.     However, before Plaintiff could even take time off to see the specialist, he was abruptly terminated by Defendant, on or about December 11, 2024, purportedly for "taking too many days off during [his] probationary period."

22.     Defendant's blanket attendance policy which issues points/attendance discipline regardless of whether absences are for reasons associated with an employee's ADA-qualifying disabilities is *per se* unlawful.

23.     In fact, Plaintiff provided Defendant's management with a note from his doctor requesting that he remain out of work until December 9, 2024.

24.     Moreover, requesting an additional two days off in the future for evaluation and diagnostic testing for his serious health conditions, for a total of ***only 6 days out of work***, are without doubt reasonable accommodations under the ADA.

25.     Instead of accommodating Plaintiff's serious health conditions by allowing him to miss sporadic days for medical appointments, treatment, or incapacity, which Defendant could easily have done, Defendant refused any interactive process and merely terminated Plaintiff despite knowing that the majority (if not all) of his absences were due to his disabilities.

26.     Plaintiff believes and therefore avers that he was terminated because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations (which constitutes illegal retaliation); and (4) Defendant's failure to properly accommodate him (discussed *supra*).

27.     Plaintiff believes and therefore avers that his disabilities were motivating and determinative factors in the termination of his employment by Defendant.

### COUNT I
### <u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>
**(1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; and [3] Retaliation;)**

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

30.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

31.     Plaintiff kept Defendant informed of his serious medical conditions and need for medical treatment and other accommodations.

32.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to intermittent time off work for medical appointments, diagnostic testing, treatment, and

to care for and treat his disabilities.

33.     Plaintiff was terminated, on or about December 11, 2024, in close temporal proximity to requesting/utilizing accommodations for his own health conditions and was directly informed that his termination was for utilizing the same.

34.     Plaintiff believes and therefore avers that he was terminated because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations (which constitutes illegal retaliation); and (4) Defendant's failure to properly accommodate Plaintiff, by failing to engage in the interactive process and terminating Plaintiff after requesting/utilizing reasonable medical accommodations.

35.     Plaintiff also believes and therefore avers that his disabilities were motivating and determinative factors in the termination of his employment by Defendant.

36.     Defendant's actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     */s/ Andrew R. Olcese*
        Andrew R. Olcese, Esq.
        8 Interplex Drive, Suite 210
        Feasterville-Trevose, PA 19053
        (215) 639-0801
        *Attorneys for Plaintiff*

Dated:   October 8, 2025